IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Petitioner, ) <br> v. ) <br> ) <br> RAYMOND ALFRED BOWDEN, ) <br> ) <br> Respondent. ) <br> _____ ) | 1:10-CV- 700 AWI GSA <br><br> ORDER DENYING RAYMOND ALFRED BOWDEN'S MOTION FOR A TEMPORARY RESTRAINING ORDER <br><br> (Document # 7) |

**BACKGROUND**

This action concerns a petition filed by the United States of America to enforce an Internal Revenue Service Summons ("Summons"). The Summons was served upon Raymond Alfred Bowden ("Bowden") on November 12, 2009, and directed him to appear on December 8, 2009, to testify and provide documents. Bowden did not appear, and continues to fail to comply with the Summons. On April 22, 2010, Magistrate Judge Gary Austin issued an order to show cause why Bowden should not be compelled to obey the Summons. Bowden was ordered to appear before Magistrate Judge Austin on July 16, 2010, to show cause.

On May 19, 2010, Bowden filed three documents entitled: (1) Notice and Petition for Temporary Restraining Order ("TRO"); (2) Notice of Appointment of Fiduciary; and (3) Answer and Negative Averment and Compulsory Counterclaim. These three documents, including the TRO petition, are incoherent and nonsensical. Insofar as the court can glean, it appears that

Bowden is arguing that the United States cannot enforce the Summons because there is no contractual agreement by Bowden.  See Bowden's Petition for Temporary Restraining Order at page 2.  Bowden argues that a TRO should be granted "due to the following Agreement of the Parties because there is No Controversy between Parties."  Id. at page 1.  Bowden does not specify what agreement is at issue.

## LEGAL STANDARD

The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing may be held; its provisional remedial nature is designed merely to prevent irreparable loss of rights prior to judgment.  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir.1984).  The substantive standard for granting a temporary restraining order is the same as the standard for entering a preliminary injunction.  Aeillo v. OneWest Bank, 2010 WL 406092, *1 (E.D. Cal. 2010).  A party seeking a preliminary injunction must demonstrate that the party is likely to succeed on the merits, that the party is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in the party's favor, and that an injunction is in the public interest.  Winter v. Natural Res. Def. Council, Inc., – U.S. – , 129 S.Ct. 365, 374 (2008); National Meat Ass'n v. Brown, 599 F.3d 1093, 1097 (9th Cir. 2010).  "In each case, courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief."  Indep. Liv. Cntr. of Southern Cal., Inc. v. Maxwell-Jolly, 572 F.3d 644, 651 (9th Cir. 2009) (quoting Winter, 129 S.Ct. at 376) (internal quotation marks omitted)).  Following the Supreme Court's holding in Winter, the Ninth Circuit has since held that, "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable."  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (internal quotes omitted).

## DISCUSSION

A temporary restraining order is not warranted.  First, Bowden has not demonstrated that he is likely to succeed on the merits.  See  Winter,129 S.Ct. at 374; National Meat Ass'n, 599

F.3d at 1097. Bowden does not adequately explain why he should not be compelled to obey the Summons other than his argument that he did not contractually agree. The United States contends that it is conducting an investigation of Bowden, to determine financial information relevant to the IRS's efforts to collect assessed income tax liabilities. The IRS is authorized "[t]o examine any books, papers, records, or other data which may be relevant or material" in determining the correctness of a tax return, the liability of any person for any internal revenue tax, or collecting on such liability. 26 U.S.C. §7602(a)(1). The IRS is authorized to issue summonses "[f]or the purpose of ascertaining the correctness of any return, making a return where none has been made, determining the liability of any person for any internal revenue tax ..., or collecting any such liability." 26 U.S.C. §7602(a).

Second, Bowden has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. At this point it would seem that the balance of equities would weigh decidedly in the United States' favor. In other words, Bowden has not met his burden. See Winter, 129 S.Ct. at 374; National Meat Ass'n, 599 F.3d at 1097; Local Rule 65-231.

Third, the court finds that a TRO is not in the public interest. Lastly, Bowden did not meet the requirements of Local Rule 65-231. The Court will not issue a restraining order.[1]

Accordingly, IT IS HEREBY ORDERED that Bowden's motion for temporary restraining order is DENIED.

IT IS SO ORDERED.

**Dated:   May 21, 2010**           /s/ Anthony W. Ishii
                                CHIEF UNITED STATES DISTRICT JUDGE

---

[1] This order does not affect Magistrate Judge Austin's April 22, 2010 Order to Show Cause.

3